**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

| | |
|---|---|
| MARIA DEL ROSARIO CHICO VIETTI, individually and as parent and next friend of A.R.V., P.F.V., and H.S.V., minor children,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>WELSH & MCGOUGH, PLLC, an Oklahoma professional limited liability corporation; CATHERINE WELSH, an individual; JAIME VOGT, LPC, an individual,<br><br>    Defendants - Appellees. | No. 24-5032<br>(D.C. No. 4:21-CV-00058-WPJ-SH)<br>(N.D. Okla.) |

_____

**ORDER AND JUDGMENT\***
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Maria Del Rosario Chico Vietti brought a lawsuit on behalf of herself and her minor children, A.R.V., P.F.V., and H.S.V., against defendants Welsh & McGough PLLC (W&M), Catherine Welsh, and Jaime Vogt, arising out of their alleged acts and omissions during divorce and custody proceedings in state court. The district court dismissed the lawsuit, and Vietti now appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Vietti was a party to a protracted and contested divorce and child custody action that was pending in the Tulsa County District Court in Oklahoma at the time she filed the underlying lawsuit. In connection with the divorce and custody action, that court appointed Welsh as the guardian ad litem of Vietti's minor children and adopted Welsh's recommendations. It also appointed Vogt to act as a licensed therapist for A.R.V., and she conducted eleven therapy sessions with him.

In her First Amended Complaint, Vietti asserted state-law claims against the defendants for breach of contract and negligence and a federal claim under 42 U.S.C. § 1983 for violations of the "Eighth and/or Fourteenth Amendments," Aplt. App. at 27.[1] The defendants filed motions to dismiss

---

[1] After Vietti filed her initial complaint, Welsh and W&M filed a motion to dismiss that complaint. That motion prompted Vietti to file her First Amended Complaint, which is the operative pleading for this appeal.

the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. The district court granted the motions.

We review de novo a Rule 12(b)(6) dismissal. *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). "In reviewing a dismissal, we must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Id.* "Our inquiry is whether the complaint contains enough facts to state a claim for relief that is plausible on its face." *Id.*

In its Memorandum Opinion and Order, the court first determined Welsh was entitled to immunity under federal and Oklahoma law for acts she allegedly committed as part of her appointment as guardian ad litem. The court therefore concluded all the claims against her were barred and must be dismissed.[2] Because the First Amended Complaint alleged W&M was liable under a theory of *respondeat superior* for Welsh's acts and omissions, Aplt. App. at 21, the court determined the claims against W&M must likewise be dismissed.

---

[2] The court also noted "[e]ven ignoring the guardian *ad litem's* immunity, for purposes of § 1983, a court-appointed guardian is not a state actor because he or she represents the best interests of the individual, not the state." Aplt. App. at 182 (internal quotation marks omitted).

3

The court next concluded Vogt was also "entitled to quasi-judicial immunity under both federal and Oklahoma law because her acts were integrally related to ongoing judicial proceedings." *Id.* at 186. It noted, however, that "[e]ven assuming Vogt is not entitled to quasi-judicial immunity, [Vietti's] claims against her would still be dismissed for failure to state a claim." *Id.*

The district court then addressed each claim separately. It determined Vietti had not plausibly alleged a claim for breach of contract against Vogt because "[a]t most, [Vietti's] First Amended Complaint establishes the formation of a contract with respect to the therapy services to be provided to A.R.V.," but "[Vietti] does not provide any facts regarding the provision(s) of the contract that was allegedly breached." *Id.* at 187. The court concluded that "[t]he conclusory allegation that Vogt was obligated to diligently represent the best interest of the minor is insufficient." *Id.* The court therefore dismissed the breach of contract claim concerning services provided to A.R.V. The court also dismissed the breach of contract claim with respect to P.F.V. and H.S.V. because there were no allegations of the formation of any contract with respect to therapy services for those children.

The district court next explained that, in response to Vogt's motion to dismiss, Vietti "apparently conced[ed] she has not alleged a traditional negligence claim but argues she is alleging a negligence per se claim, and

4

such a claim is viable." *Id.* at 189 (footnote omitted). The court therefore evaluated whether Vietti had plausibly alleged a negligence per se claim. It observed that the First Amended Complaint did not specifically identify the statute that forms the basis of Vietti's negligence per se claim. It further observed "the First Amended Complaint does not allege that the claimed injury was caused by the violation of the unidentified statute, was the type of injury intended to be prevented by the statute, or that [Vietti] or the minor children are of the class intended to be protected by the statute." *Id.* at 189. The court therefore determined the First Amended Complaint had failed to state a claim for negligence per se and dismissed the claim.

Finally, the court considered the § 1983 claim, which "requires an alleged constitutional deprivation" and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* at 190 (internal quotation marks omitted). But the court determined Vietti had failed to provide sufficient factual allegations for the court to conclude Vogt was a state actor under either the symbiotic relationship or public function tests. The court therefore dismissed the § 1983 claim.

On appeal, Vietti contends the district court erred in (1) extending quasi-judicial immunity to Welsh and Vogt, (2) finding Welsh and Vogt were not state actors, and (3) dismissing her claims against Vogt for breach of contract and negligence. Defendants argue Vietti's opening brief identifies

5

no error, and there is "no reason to disturb any of the district court's conclusions." *Id*. Defendants therefore ask this court to "summarily affirm the district court's Order granting their Rule 12(b)(6) Motions in full." *Id*.

We agree this appeal is appropriate for a summary affirmance. Having reviewed the briefs, the record, and the applicable law, we conclude Vietti has failed to show the district court committed any reversible error in granting defendants' motions to dismiss. The district court's Memorandum Opinion and Order entered on February 29, 2024, is thorough and well-reasoned. For substantially the same reasons stated there, we AFFIRM the dismissal of the claims against Welsh and W&M based on Welsh's immunity from suit, and we AFFIRM the dismissal of the claims against Vogt for failure to state a plausible claim for relief.

Entered for the Court

Richard E.N. Federico
Circuit Judge

6